UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TERRI MIEHLE-KELLOGG, Administratrix of
the Estate of WALTER KELLOGG, deceased, and TERRI
MIEHLE-KELLOGG, individually,

                              Plaintiffs,

                                                                          Case No:

   -against-

"OFFICER JOHN DOE", individually and in his capacity as a
Police Officer of the Suffolk County Police Department,
COUNTY OF SUFFOLK, and SUFFOLK COUNTY POLICE
DEPARTMENT,

                              Defendants.
-------------------------------------------------------------------------X

Plaintiffs, TERRI MIEHLE-KELLOGG, Administratrix of the Estate of WALTER KELLOGG, deceased, and TERRI MIEHLE-KELLOGG, individually by their attorneys Kujawski & Kujawski, as and for their complaint against the Defendants, allege as follows:

## Introductory Statement

This is an action for damages sustained by the Plaintiffs, TERRI MIEHLE-KELLOGG, Administratrix of the Estate of WALTER KELLOGG, deceased, and TERRI MIEHLE-KELLOGG, individually, against the defendants, County of Suffolk and the named members of the Suffolk County Police Department.

On December 15, 2018, at approximately 12:30 pm, Plaintiff-Decedent was lawfully present at his home located at 31 Rockledge Drive, Shirley, Town of Brookhaven, County of Suffolk, State of New York. While at the above time and location, the Plaintiff-Decedent experienced a mental health episode, specifically threatening suicide. Emergency assistance was requested by his wife, but the police responded first, including the Defendants. Defendants failed to properly assess the emergency situation, failed to properly assess the medical emergency, and then attempted to subdue the Plaintiff-Decedent. "OFFICER JOHN DOE" then used unnecessary, excessive, and unconstitutional force upon Plaintiff-Decedent, including the use of a gun. "OFFICER JOHN DOE" fired his weapon at the Plaintiff-Decedent. Thereafter, "OFFICER

JOHN DOE" unconstitutionally detained and confined Plaintiff TERRI MIEHLE-KELLOGG. The Plaintiff-Decedent was taken by ambulance to Long Island Community Hospital where he was pronounced dead.

Plaintiffs also brings this action against the COUNTY OF SUFFOLK for its failure to properly train, monitor, and adopt guidelines regarding the conduct of its police personnel in the role of protecting persons from unconstitutional detention, confinement without probable cause, and the use of excessive force, to the extent that the County of Suffolk's failure in these regards constituted official customs or policies.

## Jurisdiction and Venue

1. The subject matter jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 24 U.S.C. § 12132 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 and the aforementioned constitutional and statutory provisions. In addition, Plaintiff invokes the supplemental jurisdiction of this Court with respect to claims asserted under state law pursuant to 28 U.S.C. § 1367. Venue exists in this district by virtue of 28 U.S.C. §1391(b), whereas the Plaintiff resides in this district, and whereas the events giving rise to the claim occurred in this district.

## Parties

2. Plaintiffs were at all times relevant to the allegations of this complaint, and still are citizens of the United States and residents of the County of Suffolk, State of New York.

3. At all times relevant hereto, defendant "OFFICER JOHN DOE" was employed by the County as a police officer in the Suffolk County Police Department. He is sued individually and in his official capacity.

4. The County of Suffolk is a municipality organized under the laws of, and located within, the State of New York, and at all relevant times hereto it employed "OFFICER JOHN DOE" as a police officer.

5. At all times relevant hereto, and in all his actions described herein, "OFFICER JOHN DOE" acted as the agent, servant and employee of the County and acted under color of law and pursuant to his authority as police personnel.

## Factual Allegations

6. On December 15, 2018, at approximately 12:30 pm, Plaintiff-Decedent was lawfully present at his home located at 31 Rockledge Drive, Shirley, Town of Brookhaven, County of Suffolk, State of New York. While at the above time and location, the Plaintiff-Decedent experienced a mental health episode, specifically threatening suicide. Emergency assistance was requested by his wife, but the police responded first, including the Defendants. Defendants failed to properly assess the emergency situation, failed to properly assess the medical emergency, and then attempted to subdue the Plaintiff-Decedent. "OFFICER JOHN DOE" then used unnecessary, excessive, and unconstitutional force upon Plaintiff-Decedent, including the use of a gun. "OFFICER JOHN DOE" fired his weapon at the Plaintiff-Decedent. Thereafter, "OFFICER JOHN DOE" unconstitutionally used excessive force against WALTER KELLOGG. The Plaintiff-Decedent was taken by ambulance to Long Island Community Hospital where he was pronounced dead. The individually-named defendant never had probable cause to shoot WALTER KELLOGG.

7. That Defendant "OFFICER JOHN DOE" did use an automatic weapon upon the Plaintiff-Decedent, rendering him deceased, and constituting a forcible and unlawful death.

8. That Defendant police officer never had a reasonable basis to use any force against Plaintiff-Decedent, nevertheless to use excessive force against him.

9. That Defendant police officer did detain and confine Plaintiff TERRI MIEHLE-KELLOGG, constituting an unconstitutional detention and confinement without probable cause.

10. That Defendant police officer never had a reasonable basis to detain and confine Plaintiff TERRI MIEHLE-KELLOGG.

11. That the SUFFOLK COUNTY POLCE DEPARTMENT was responsible for the aforesaid police misconduct either because they made no effort to prevent or stop it and failed to protest it.

12. That as a result of the "OFFICER JOHN DOE" aforementioned misconduct, Plaintiff, Walter Kellogg, sustained damages, including death.

13. That as a result of the "OFFICER JOHN DOE" aforementioned misconduct, Plaintiff, TERRI-MIEHLE KELLOGG, sustained damages, including unlawful confinement.

14. That "OFFICER JOHN DOE" aforementioned misconduct was consistent with, and enabled by, the institutionalized practices of the Suffolk County Police Department, which was known to, willfully ignored by, and/or tacitly approved of by the County, the County having at no time taken any effective action to prevent the individual defendants from continuing to engage in such misconduct as that complained of herein, and the County having failed to adopt and/or provide adequate instructions, training, and guidelines for its police officers.

15. That the County authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore detailed by:

(a) failing to properly train, discipline, restrict and control its employees, including but not limited to the named Defendant police officers, in a manner reasonably necessary to prevent violations of this Plaintiffs' and other persons' civil and legal rights;

(b) failing to take adequate precautions in the hiring, training, supervision, assignment and retention of Suffolk County Police Department personnel, including but not limited to the named Defendant police officer;

(c) failing to properly investigate and forward to the office of the County District Attorney or Federal authorities' evidence of criminal acts committed by County police personnel;

(d) failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints by confronting complainants with threats, bureaucratic power and official denials, calculated to mislead the public;

(e) establishing and continuing in effect a counterfeit internal "investigation" apparatus calculated to assure and having the effect of assuring County police personnel that abusive treatment of citizens would not be regarded as a serious matter, thereby proximately causing unlawful use of official authority against citizens, including the abusive conduct complained of herein;

(f) failing to implement proper procedures, guidelines and/or policies regarding the use force, including but not limited to the use of guns; and

    (g)  failing to follow Department of Justice, Civil Rights Division, Disability Rights Section, instruction regarding engagement and assessment of a qualified person under the Americans with Disabilities Act (ADA).

16. As a consequence of the abuse of authority detailed above, including the County's condoning of same, Plaintiffs sustained the damages hereinbefore alleged.

## COUNT ONE

### Federal Claim I

The allegations set forth in paragraphs 1 through 16 are incorporated herein by reference.

17. The hereinbefore described actions and omissions, engaged in under color of law and state authority by the Defendants, including the County, sued herein as a person, responsible, because of its authorization, condoning and/or approval of the acts of its agents, deprived the Plaintiffs of rights and immunities secured to them by the Constitution of the United States, including, but not limited to their Fourth Amendment right to be free from unreasonable intrusions on their personal security that further no legitimate law enforcement interests, to be free from an undue and/or degrading invasion of privacy, to be free from the use of excessive force, to be free from restraints that cause unnecessary pain and/or are imposed for a prolonged and unnecessary period of time, and to be free of the excessive, unnecessary and malicious destruction of their property, and their Fifth and Fourteenth Amendment rights to due process and equal protection of the laws.

## COUNT TWO

### Federal Claim II

The allegations set for the in paragraphs 1 through 17 are incorporated herein by reference.

18. That the Plaintiff-Decedent was a qualified individual with a disability 42 U.S.C § 12132 under the Americans with Disability Act.

19. That the Defendants did discriminate against Plaintiff-Decedent based upon the aforementioned disability.

20. That pursuant to 42 U.S.C. § 12133, Plaintiff-Decedent avails himself of all remedies, procedures and rights set forth under 29 U.S.C. §794.

## COUNT THREE
### Federal Claim III

The allegations set forth in paragraphs 1 through 20 are incorporated herein by reference.

21. Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized WALTER KELLOGG, forcibly deprived Plaintiff of his rights, liberties, and freedoms under color of state law, including Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT FOUR
### Supplemental State Law Claims

The allegations set for the in paragraphs 1 through 21 are incorporated herein by reference.

21. That the aforedescribed actions of the individual Defendant police officer constituted negligence; an assault upon the Plaintiff; battery; unlawful detention; intentional and/or negligent infliction of emotional distress; and death.

22. That the individual Defendant police officer is personally liable for damages to the Plaintiffs arising from said Defendant's actions.

23. That the County, under the doctrine of respondeat superior, is liable for the negligent and intentional conduct of its employees, including that of the individual Defendant, which actions were undertaken during and within the scope of the officer's employment by the County.

24. That prior to his death, Plaintiff-Decedent was in good health and left surviving him kin who depended on his for services, economic support and guidance; that by reason of the

foregoing, the Plaintiff/Administratrix and next of kin have become obligated to pay certain medical and funeral expenses of the Decedent, and lost the society and companionship, service, guidance, and economic support of the Decedent and suffered other pecuniary loss.

## COUNT FIVE

### Intentional Tort

The allegations set forth in the paragraphs 1 -24 are incorporated herein by reference.

25. That Defendant "OFFICER JOHN DOE" did intentionally threaten to contact, without permission, the body of Decedent WALTER KELLOGG.

26. That Defendant "OFFICER JOHN DOE" did intentionally contact, without permission, the body of Decedent WALTER KELLOGG.

27. That as a result therefore, Decedent WALTER KELLOGG was injured.

28. That as a result thereof, Defendant "OFFICER JOHN DOE" is liable for intentional tort, including but not limited to civil assault and civil battery.

**WHEREFORE**, Plaintiffs demands the following relief:

(a) Compensatory damages, jointly and severally against all of the Defendants, in an amount to be determined by a jury;

(b) Punitive damages against the individual Defendants, in amounts to be determined by the jury; and

(c) Such other and further relief, including costs and reasonable attorneys' fees, as this Court may deem appropriate.

Dated: Deer Park, New York
       August 12, 2019

                                                Yours, etc.,

                                                KUJAWSKI & KUJAWSKI

                                                By: _____
                                                    MARK C. KUJAWSKI
                                                1637 Deer Park Avenue
                                                P. O. Box 661
                                                Deer Park, NY 11729-0661
                                                (631) 242-1600