UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TERRI MIEHLE-KELLOGG, Administratrix of the Estate of
WALTER KELLOGG, deceased, and TERRI MIEHLE-
KELLOGG, individually,

                        *Plaintiffs*,

            -against-

FRANK SANTANELLO, INDIVIDUALLY AND IN HIS
CAPACITY AS A POLICE OFFICER OF THE SUFFOLK
COUNTY POLICE DEPARTMENT, COUNTY OF
SUFFOLK, and SUFFOLK COUNTY POLICE
DEPARTMENT,

                        *Defendants.*
----------------------------------------------------------------------X

**FILED**
**CLERK**
**10/23/2025**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
19-CV-4943 (GRB) (JMW)

**A P P E A R A N C E S:**

    Mark C. Kujawski, Esq.
    **Kujawski & Kujawski**
    98 Carleton Avenue
    Central Islip, NY 11722
    *Attorney for Plaintiffs*

    **William P. Nolan, Esq.**
    666 Old Country Road, Suite 207
    Garden City, NY 11530
    *Attorney for Defendant Frank Santanello*

    Kyle O Wood, Esq.
    **Suffolk County Department of Law**
    100 Veterans Memorial Hwy
    Hauppauge, NY 11788
    *Attorneys for remaining Defendants*

**WICKS,** Magistrate Judge:

    Plaintiffs Terri Miehle-Kellog ("Terri"), Administratrix of the Estate of Walter Kellogg,

deceased (the "Decedent"), and Terri, individually (collectively, the "Plaintiffs") commenced

this action against the Defendants Frank Santanello ("Santanello") individually and in his

1

capacity as a Police Officer of the Suffolk County Police Department, County of Suffolk ("Suffolk") and Suffolk County Police Department ("SCPD" and collectively, the "Defendants") alleging claims pursuant to 42 U.S.C. §1983 and state law claims of negligence as well as intentional tort for damages sustained following an incident involving Defendants that resulted in the Decedent's death. (*See generally*, ECF No. 52.) On the heels of this now six-year-old trial ready action, the Court reopened discovery to allow for limited discovery of to permit Santanello to take Plaintiff's deposition by August 22, 2025. (*See* ECF No. 67.) However, Santanello moved to disqualify Plaintiffs' counsel (ECF No. 72), which was ultimately denied (ECF No. 76), and the time to depose Plaintiff was extended.

On September 18, 2025, the Court issued an Order stating,

> [i]n light of the decision issued on the Motion to Disqualify (ECF No. 76), the stay of all dates and deadlines is now vacated and discovery is re-opened for the limited purpose of taking Plaintiff's deposition by Defendant Frank Santanello, which shall be completed on or before **October 20, 2025**. The Final Pretrial Conference currently set for October 15, 2025 at 10:00 AM has been <u>cancelled</u>. The parties are to submit a Joint Status Report on or before **October 21, 2025**, indicating if further paper discovery is needed after the deposition of the Plaintiff is taken, and if Defendant Frank Santanello intends to retain his own expert as previously directed at ECF No. 67. So Ordered by Magistrate Judge James M. Wicks on 9/18/2025.

(Electronic Order dated 9/18/2025.)

The parties represent that Plaintiff's deposition was conducted on October 14, 2025. (ECF No. 77 at 2.) Now before the Court is yet another motion to reopen discovery by Defendant Santanello, in which the remaining Defendants join. (*See* ECF No. 77.) Specifically, Defendants request a 60-day extension for additional discovery to take place for post-deposition demands for medical records and to depose Plaintiffs' police expert Eugene Maloney. (*Id.* at 2-3.) Plaintiffs oppose these requests arguing that no good cause has been shown. (*Id.* at 2.) They are correct,

2

and for the reasons that follow, the Defendants' joint application to reopen discovery (ECF No. 77) is **DENIED**.

As an initial matter, fact discovery in this case concluded on December 16, 2021 (*see* ECF No 22), and was reopened twice for *limited purposes* on October 16, 2023 (*see* ECF No. 38; Electronic Order dated 10/16/2023) and on June 25, 2025 (*see* ECF No. 67). Indeed, during the last grant of limited discovery, Santanello only represented that Plaintiff's deposition was to be taken. (ECF No. 67.)

"A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018) (internal quotations and citations omitted). "[W]here there has been 'a fully adequate opportunity for discovery' the trial court may consider whether additional discovery would yield dispositive evidence." *Jacobs v. New York City Dept. of Educ.*, No. 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015) (emphasis added) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989)). Courts apply a six-part test when faced with an eleventh-hour request to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Moroughan*, 320 F. Supp. 3d at 515. Addressing these factors militates against reopening discovery.

3

*First*, though a trial date has not been set, the parties had previously filed a joint pretrial order ("JPTO") (ECF No. 43), and the Court deemed the case trial ready (*see* Electronic Order dated February 2, 2024), and prior to the motion for disqualification, the Court set dates for the filing of an updated JPTO and a final pre-trial conference. (Electronic Order dated 8/11/2025.) *See Su v. Versa Cret Contracting Co.*, No. 21-cv-05697 (JMA) (JMW), 2024 WL 1704695, at *5 (E.D.N.Y. Apr. 19, 2024) (concluding the first factor weighed against reopening discovery where the parties were directed to submit joint pretrial orders). Accordingly, this factor weighs against re-opening discovery.

*Second* and *third*, Plaintiffs opposes Defendants' request raising issues that good cause has not been shown, and that Defendants attempt to expand the permitted limited discovery. (ECF No. 77 at 2.) This leads the Court to find potential prejudice to Plaintiffs if discovery were to now be reopened. Thus, this factor weighs against re-opening discovery. *See Griffin v. County of Suffolk*, No. 23-cv-05032 (NJC) (JMW), 2025 WL 1073238, at *2 (E.D.N.Y. Mar. 11, 2025) (referencing *Cutrone v. BJ's Wholesale Club, Inc.*, No. 21-cv-00787 (OEM) (LGD), 2023 WL 8792674, at *2 (E.D.N.Y. Dec. 19, 2023) (denying the motion to reopen discovery where, among other factors, the opposition raised the underlying prejudice that would result from the court reopening fact and expert discovery)). Indeed, as discovery was complete years ago, the identity of Plaintiffs' expert is not newly discovered information. Therefore, "it is unclear whether any of this additional discovery will 'bear more fruit relating to the claims, counterclaims, or defenses in this case.'" *See id.*

*Fourth*, Defendants were strangers to diligence in obtaining this information during the fact discovery phase considering the information was available during the discovery period. While it is true that Defendant Santanello only became a named Defendant as of December 17,

4

2024, upon the filing of the Amended Complaint, his interests were aligned with that of the remaining Defendants. (*See* ECF No. 52.) At all times, Defendants were represented by the Suffolk County Attorney's Office. Thus, to the extent that the remaining Defendants seek additional discovery– all of whom have been represented at all times – there is no reason provided to demonstrate why this information could not have been obtained before the end of discovery.  See *Griffin*, 2025 WL 1073238, at *2 (citing *Sentry Ins. v. Brand Management Inc.*, No. 10-CV-00347 (ENV), 2012 WL 3288178, at *3 (E.D.N.Y. Aug. 10, 2012) (rejecting a motion to reopen discovery where the party seeking to re-open was not diligent considering it should have known the information in advance of the discovery deadline)). As for Defendant Santanello, the Court specifically asked Santanello to inform if he intends to retain his own expert. (*See* ECF No. 67; Electronic Orders dated 8/3/2025 and 9/18/2025.) To date, no such response has been provided.

*Fifth*, Defendants had more than adequate time to pursue the now-requested discovery. As previously discussed, all discovery had concluded back in 2021, and the limited re-opening of discovery applications did not raise what is sought today. Defendants neglect to provide a good cause justification for why the deposition of Plaintiffs' expert is required. *See Yan v. Zhou*, No. 18-CV-4673 (GRB)(JMW), 2021 WL 5239773, at *3 (E.D.N.Y. Nov. 10, 2021). Moreover, the Court made clear that only a request for post-deposition paper discovery following Plaintiff's deposition was to be filed. Thus, the request for expert discovery is stretching this Court's Orders. Accordingly, as to the deposition, this factor weighs heavily against Defendants and as to the document demands, the last factor addresses it best.

*Sixth*, it is questionable at best whether the discovery Defendants seek will lead to relevant evidence. Defendants seek Plaintiffs' medical records and to depose Plaintiffs' expert.

5

(*See* ECF No. 77.) Santanello contends that "these records are vital, necessary and important to properly defend the claims alleged by plaintiff." (*Id.* at 3.) Such a blanket statement without more, leaves the Court little to no information as to why or how these documents would assist Santanello or any Defendant with the case. Likewise, all that is provided to the Court is Santanello's argument that because he was not a named defendant when expert disclosure took place, he was unable to decide if a deposition was necessary. (*Id.*) However, as noted above, to date Santanello has failed to respond to Court Orders indicating his intent to retain an expert or not. Santanello has been provided months to do so, and if he wished, he could have included his intent to depose Plaintiffs' expert. Accordingly, this factor weighs against Defendants.

Rule 1 of the Federal Rules of Civil Procedure commands that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Reopening discovery under the circumstances presented here run far afoul of that clear mandate. Accordingly, because Defendants have not met their burden in demonstrating good cause to re-open discovery and considering all factors, the Court declines the invitation to do so.

## CONCLUSION

Defendants' joint application to reopen discovery (ECF No. 77), is **DENIED** and discovery remains closed. The parties are to submit a renewed JPTO on or before <u>December 16, 2025</u>, and appear for a Final Pretrial Conference on <u>December 23, 2025 at 10:30 AM</u> via the Court's Video Zoom.

Dated: Central Islip, New York
October 23, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge